```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
MAHER ARAR,

                    Plaintiff,

     - against -

JOHN ASHCROFT, formerly Attorney
General of the United States;
LARRY D. THOMPSON, formerly Acting
Deputy Attorney General; TOM
RIDGE, formerly Secretary for
Homeland Security; JAMES W.
ZIGLAR, formerly Commissioner for      Civil Action No.
Immigration and Naturalization         CV-04-0249 (DGT)
Services; J. SCOTT BLACKMAN,
formerly Regional Director of the      ORDER
Eastern Regional Office of the
Immigration and Naturalization
Service; PAULA CORRIGAN, Regional
Director of Immigration and
Customs Enforcement; EDWARD J.
McELROY, formerly District
Director of Immigration and
Naturalization Services for New
York District and now District
Director of Immigration and
Customs Enforcement; ROBERT
MUELLER, Director of the Federal
Bureau of Investigation; and JOHN
DOES 1-10, Federal Bureau of
Investigation and/or Immigration
and Naturalization Service Agents,

                    Defendants.
----------------------------------------x
```

TRAGER, J.

On February 16, 2006, the court issued a memorandum and order dismissing with prejudice counts 1-3 of the complaint, concerning plaintiff's removal to Syria and alleged torture abroad, and dismissing without prejudice and with leave to replead count 4 of the complaint, concerning plaintiff's

detention in the United States. On April 4, 2006 plaintiff moved under Fed. R. Civ. P. 54(b) for certification of final judgment on the three counts dismissed with prejudice in order to permit their immediate appeal. Defendants oppose certification.

Rule 54(b) provides:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment . . . .

From the plain language of the Rule, certification under Rule 54(b) would appear to be available in the discretion of the district court whenever there are multiple claims or parties, at least one of the claims has been finally decided, and "there is no just reason for delay" - conditions which are met in any number of cases. Fed. R. Civ. P. 54(b); <u>Grand River Enter. Six Nations, Ltd. v. Pryor</u>, 425 F.3d 158, 154-65 (2d Cir. 2005). The availability of certification is tempered, however, by the "historic federal policy against piecemeal appeals." <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 8 (1980) (quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 438 (1956)) (internal quotation marks omitted). This focus on judicial economy and sound administration counsels against the routine granting of Rule 54(b) requests. <u>Id.</u> at 10.

Once the prerequisites of separability and final

adjudication of the potentially certifiable claim have been met, it is incumbent on the district court to identify a reason why appeal of the claim should not be subject to the ordinary delay of waiting until the entire case is ready for appeal. Absent such a reason, certification would be an abuse of discretion. In this case, even if separability and finality of the decision as to counts 1-3 could be shown, plaintiff has not demonstrated any injustice or undue hardship he would face if final judgment on counts 1-3 is entered "at the usual stage, *i.e.*, when all claims have been adjudicated." O'Bert v. Vargo, 331 F.3d 29, 42 (2d Cir. 2003).

Defendants argue that not even the threshold prerequisite of separability has been met, because at present there are no claims whatsoever pending in the case. Plaintiff's fourth count was dismissed with leave to replead, but plaintiff has not yet availed himself of this opportunity. Defendants contend that until plaintiff repleads his fourth count, it is impossible to know whether the fourth count will be in any way interrelated with the first three counts.

Plaintiff, for his part, maintains that the fourth count, regardless of how it is repled, will not overlap in any way with the dismissed first three counts, which dealt solely with plaintiff's removal and treatment abroad. At the same time, however, plaintiff argues that judicial economy would be best

served by allowing immediate appeal of counts 1-3 so that in the event their dismissal is reversed, a consolidated trial can be held on all counts. This would promote judicial economy, plaintiff urges, because the same witnesses may be called to testify as to both counts 1-3 and count 4.

Plaintiff's argument for judicial economy undermines his argument for separability of the counts, insofar as he surmises that the same witnesses may be implicated by both sets of claims. Although an overlap in witnesses does not guarantee an overlap in issues on appeal, defendants reasonably point to a number of issues that could arise in both appeals, including qualified immunity, personal jurisdiction, political-question doctrine and the "jurisdiction stripping" provisions of the INA. Defs.' Opp. to Pl.'s Mot. Pursuant to Fed. R. Civ. P. 54(b) at 9 n.9.

Regardless of the potential separability of any future repled count 4, the argument that a consolidated trial would promote judicial economy fails for another, more fundamental reason: even if the dismissal of counts 1-3 were reversed on appeal, there are alternate grounds for dismissal (such as state secrets) that could preclude trial on those counts. Thus, there is no guarantee that plaintiff could go to trial on those counts, even if their dismissal is reversed and they are remanded to this court. Moreover, plaintiff's argument that an expedited appeal on counts 1-3 would allow a consolidated trial on all counts does

not differentiate this case from any other case with multiple claims in which some, but not all, are dismissed before trial. See Hogan v. Consolidated Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992) ("To deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial . . . could only contravene the federal policy against piecemeal appeals.").

Plaintiff additionally argues that he would suffer undue hardship if forced to delay an appeal of the Syrian-based counts because the removal order bars his reentry to the United States for a period of five years, from October 2002 until October 2007. Plaintiff waived this argument when he disavowed any challenge to his removal order in previous submissions to this court.

Plaintiff's final argument that certification is warranted because this case deals with issues of national and international importance is also unavailing. While this case is undoubtedly of general interest to the public at large, it affects the immediate interests of the plaintiff in particular. In this sense it is distinguishable from the cases cited by plaintiff, which involved either imminent actions that had the capacity to directly impact large swaths of the public, see Hudson River Sloop Clearwater, Inc. v. Dept. of the Navy, 891 F.2d 414, 419 (2d Cir. 1989) ("The very threat that appellants seek to enjoin through litigating the certified claims - the threat of the alleged presence of nuclear

weapons in New York Harbor - could become a reality in the time it takes to try the remaining claims in the district court"), or other exigent circumstances, see American Civil Liberties Union v. Dept. of Defense, 406 F. Supp. 2d 330, 334 (S.D.N.Y. 2006) (noting that "time is of the essence in a FOIA case"); Avondale Indus., Inc. v. Travelers Indemnity Co., 123 F.R.D. 80, 83 (S.D.N.Y. 1988) (granting Rule 54(b) certification for prevailing plaintiff so that it could enforce final judgment that defendant had to defend plaintiff in pending litigation).

For the foregoing reasons, plaintiff's motion for certification of counts 1-3 under Rule 54(b) is denied.

On the separate issue of repleading count 4, plaintiff shall replead count 4 no later than July 31, 2006. In the event plaintiff requires an extension of time beyond July 31, 2006 to replead count 4, he shall direct any such requests to Magistrate Judge Steven M. Gold.


Dated:   Brooklyn, New York
         July 5, 2006

                                        SO ORDERED:


                                         /s/
                                        David G. Trager
                                        United States District Judge